# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN ALVIN PAYNE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV02295 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Movant does not state, nor does it appear, that he has received authorization from the Court of Appeals to file the motion. As a result, the Court will deny the motion without prejudice.

On October 1, 1988, movant was convicted under the Continuing Criminal Enterprise statute for his managerial role in an interstate cocaine-distribution conspiracy. See Payne v. United States, 78 F.3d 343, 344 (8th Cir. 1996). Movant was sentenced to 50 years' imprisonment without the possibility of parole. Movant filed a motion under § 2255, claiming ineffective assistance of counsel. See Payne v. United States, 4:93-CV-849-SNL (E.D. Mo.). This Court denied the motion, and the United States Court of Appeals for the Eighth Circuit affirmed. Payne, 78 F.3d at 348.

Movant sought to bring a second § 2255 motion on the grounds that both his trial counsel and direct appeal counsel were ineffective for failing to show that he did not have a managerial role in the cocaine-distribution conspiracy.  See Payne v. United States, No. 4:09-CV-507-DJS (E.D. Mo.).  The Court dismissed the action as successive.

In the instant action, movant argues that he received ineffective assistance of counsel at trial and on direct appeal.  Movant does not allege, nor does it appear, that he previously obtained permission from the Eighth Circuit to bring the instant § 2255 motion in this Court.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

Because movant did not obtain permission from the Eighth Circuit Court of Appeals to maintain the instant successive § 2255 motion in this Court, the Court lacks

authority to grant movant the relief he seeks.  As such, this action will be summarily dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's third motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 18th day of November, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE